# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR GRAY, | ) Case No.: 1:16-cv-00156 JLT |
| Plaintiff, | ) |
| | ) ORDER SETTING SETTLEMENT |
| v. | ) CONFERENCE |
| | ) |
| ELLIOTT FAMILY CONSTRUCTION LLC, | ) |
| | ) |
| Defendant. | ) |

The parties agree that they may be able to settle this matter without significant discovery. (Doc. 16)  Thus, the Court **ORDERS**:

   1. A settlement conference is set on **June 8, 2016**  at 10:00 a.m. before the Honorable Erica P. Grosjean in courtroom 10 of the Robert E. Coyle Federal Courthouse located at 2500 Tulare Street, Fresno, CA;

   2. The parties **SHALL** conduct the site inspection sufficiently in advance of the settlement conference so that they are prepared to participate meaningfully in the settlement conference;

   3. To the extent not already done, the parties **SHALL** make their initial disclosures, via email or overnight mail, so that it is received no later than **May 20, 2016**;

   4. Counsel **SHALL** meet and confer no later than **May 23, 2016** and determine which discovery they will provide informally to allow them to be prepared for the settlement conference.  In the event they cannot agree on what information they will produce, **no later than May 24, 2016** they

**SHALL** alert the Court so that it can participate in an informal telephonic conference to assist the parties in this regard;

    5.    Unless otherwise permitted in advance by the Court, the attorneys who will try the case shall appear at the Settlement Conference with the parties and the person or persons having full authority to negotiate and settle the case on any terms[1] at the conference. Consideration of settlement is a serious matter that requires preparation prior to the settlement conference. Set forth below are the procedures the Court will employ, absent good cause, in conducting the conference:

    a.    No later **May 31, 2016** than the settlement conference, Plaintiff **SHALL** submit to Defendant via fax or e-mail, a written itemization of damages and a meaningful settlement demand which includes a brief explanation of why such a settlement is appropriate;

    b.    Thereafter, **no later June 3, 2016**, Defendant **SHALL** respond, via fax or e-mail, with an acceptance of the offer or with a meaningful[2] counteroffer, which includes a brief explanation of why such a settlement is appropriate.

    c.    If settlement is not achieved, each party **SHALL** attach copies of their settlement offers to their Confidential Settlement Conference Statement, as described below. Copies of these documents shall not be filed on the court docket.

    d.    **No later than June 6, 2016**, the parties shall submit, directly to Judge Grosjean's chambers by e-mail to EPGOrders@caed.uscourts.gov, a confidential settlement conference statement. The statement should not be filed with the Clerk of the Court nor served on any other party, although the parties may file a Notice of Lodging of Settlement Conference Statement. Each statement shall be clearly marked "confidential" with the date and time of the Settlement Conference indicated prominently thereon;

    e.    The confidential settlement conference statement shall include the following:

    A.    A brief statement of the facts of the case;

---

[1] Insurance carriers, business organizations, and governmental bodies or agencies whose settlement agreements are subject to approval by legislative bodies, executive committees, boards of directors or the like shall be represented by a person or persons who occupy high executive positions in the party organization and who will be directly involved in the process of approval of any settlement offers or agreements. To the extent possible the representative shall have the authority, if he or she deems it appropriate, to settle the action on terms consistent with the opposing party's most recent demand.

[2] "Meaningful" means that the offer is reasonably calculated to settle the case on terms acceptable to the offering party. "Meaningful" does not include an offer which the offering party knows will not be acceptable to the other party.

B.   A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute;

C.   A summary of the proceedings to date;

D.   An estimate of the cost and time to be expended for further discovery, pretrial and trial;

E.   The relief sought;

F.   The party's position on settlement, including present demands and offers and a history of past settlement discussions, offers and demands.

IT IS SO ORDERED.

Dated:   **May 16, 2016**                    **/s/ Jennifer L. Thurston**
                                              UNITED STATES MAGISTRATE JUDGE