# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR GRAY, | ) Case No.: 1:16-cv-00156 JLT |
| Plaintiff, | ) |
| | ) ORDER AFTER INFORMAL CONFERENCE ON |
| v. | ) DISCOVERY DISPUTE |
| | ) |
| ELLIOTT FAMILY CONSTRUCTION LLC, | ) |
| | ) |
| Defendant. | ) |

At the request of the plaintiff, the Court held an informal conference re: discovery dispute on September 2, 2016. At the conference, the parties agreed:

1. The deposition of the defendant-entity will occur on **September 16, 2016** at 10 a.m. at a location in Solvang, California. **No later than close of business on September 6, 2016**, the plaintiff's attorney **SHALL** confirm in writing via e-mail or fax, the specific location in Solvang where the deposition will occur. However, other than this, no further deposition notice need be served;

2. **No later than close of business on September 6, 2016**, the defendant's attorney **SHALL** confirm to plaintiff's counsel in writing via e-mail or fax, whether the defendant will withdraw affirmative defenses 12 and 13. If it chooses to withdraw the defenses, the defendant will not be required to produce a deponent or documents related to the financial resources of the company to take corrective action related to alleged barriers. If it does not withdraw the defenses, the objections

1

are **OVERRULED** and the defendant **SHALL** produce a deponent and documents related to this category set forth in the previous deposition notice[1];

      3.    As to the PMK category and document request related to the physical layout of the site, the Court agrees that the phrase "with an eye to wheelchair access" or the like set forth in the deposition notice is vague and ambiguous. The defendant's objection to this phrase is **SUSTAINED** but it **SHALL** produce a deponent and documents responding to this category with this phrase excised;

      4.    As to the PMK category (#5) and any document request related to the contacts with the plaintiff in July 2014, the parties agreed the defendant will produce a deponent and documents related to contacts with the plaintiff related to accessibility issues only;

      5.    As to the PMK category (#8) and any document request related to an "ADA trained professional," the Court agrees that this seeks to discover expert witness information before the defendant is obligated to produce this information. (See Doc. 24) Thus, the objection is **SUSTAINED.** The defendant need not produce a deponent or documents related to this category;

      6.    As to the PMK category #9, the Court agrees that this category is vague and ambiguous and the objection is **SUSTAINED**. The defendant need not produce a deponent or documents related to this category.

IT IS SO ORDERED.

    Dated:   **September 2, 2016**                  **/s/ Jennifer L. Thurston**
                                                    UNITED STATES MAGISTRATE JUDGE

---

[1] The Court was not provided the deposition notice so its descriptions here are vaguely worded to address the topics discussed at the informal conference.